UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

EDWARD HARRISON,

Petitioner,

– against –

THOMAS GRIFFIN,

Respondent.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

14-cv-4452 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 20 2017 ★
BROOKLYN OFFICE

**ANN DONNELLY**, District Judge.

The *pro se* petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in connection with his New York State guilty plea to Attempted Robbery in the Second Degree (Penal Law § 160.10(2)(b)) and Attempted Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03). The petitioner argues that he was not indicted within the timeframe set out in CPL § 180.80, that his sentence as a persistent violent felony offender was improper, and that his lawyer was ineffective by failing to object to the CPL § 180.80 violation and by failing to advise him that he faced sentencing as a persistent violent felony offender. For the reasons that follow, the petition for a writ of habeas corpus is denied.

## FACTUAL AND PROCEDURAL HISTORY

On August 9, 2010, at approximately 5:45 p.m., the petitioner went into the Family Dollar store located at 375 Tomkins Avenue in Staten Island, New York. In the course of stealing money from the store, the petitioner threatened an employee with a loaded gun, telling him, "Don't fucking say anything or move." (ECF 9, Ex. 5 at 10-11.) Two days later, on August

11, 2010, at approximately 7:00 a.m., the petitioner possessed a loaded .32 caliber revolver at 51 Hill Street, apartment 5K, in Staten Island. (*Id.* at 9; Ex. 1 at 7.)

On August 19, 2010, a grand jury charged the petitioner with two counts of Robbery in the First Degree, one count of Robbery in the Second Degree, one count of Robbery in the Third Degree, one count of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree. (ECF 9, Ex. 5 at 19-21.)

On January 6, 2011, the petitioner pleaded guilty before Justice Leonard Rienzi to Attempted Robbery in the Second Degree, a lesser included offense of the third count of the indictment, and Attempted Criminal Possession of a Weapon in the Second Degree, a lesser included offense of the sixth count of the indictment. (ECF 9, Ex. 1 at 2-3.) In exchange for the petitioner's plea, the prosecutor dismissed the remaining counts of the indictment, and recommended the minimum sentence permissible by law, concurrent sentences of 12 years to life on both counts. (*Id.* at 2, 6.) Judge Rienzi promised to sentence the petitioner in accordance with the prosecutor's recommendation. (*Id.* at 6.)

At the plea hearing, the petitioner confirmed, under oath, that he had discussed the plea agreement with his lawyer, and that he was "100% satisfied" with her representation. (*Id.* at 4, 9.) He also stated that he understood that he was giving up his right to a jury trial, to confront and cross-examine witnesses, and to remain silent. (*Id.* at 5.) The petitioner acknowledged that his plea was voluntary, that he was not under the influence of any drugs or alcohol, and that no one had threatened him or forced him to plead guilty. (*Id.* at 7-9.) Judge Rienzi explained that if convicted of the top counts—first degree robbery and second degree weapons possession—the petitioner faced consecutive sentences of between 20 to 25 years to life for the robbery and 16 to 25 years to life for the weapons possession, but that the People were offering the petitioner a plea

to less serious charges, with a promised sentence of concurrent terms of 12 years to life, the minimum permissible term for someone with the petitioner's record. (*Id.* at 5-6.) The petitioner admitted that he was guilty of the lesser included offenses, and the court accepted the petitioner's plea.[1] (*Id.*)

The prosecutor had filed a statement pursuant to CPL § 70.04, alleging that the petitioner was a persistent violent felony offender; the statement detailed the petitioner's prior record of violent felony convictions, and included the periods of incarceration that tolled the ten-year period pursuant to CPL § 400.15. Following the petitioner's plea, the court placed those convictions on the record: a 1990 conviction for Robbery in the First Degree, for which the petitioner was sentenced to five to ten years in prison, and a 1995 conviction for Assault in the Second Degree, for which he was sentenced to three and a half to seven years in prison. The petitioner confirmed that he had been provided with a copy of the statement, that he had reviewed it with his lawyer, that he was convicted of the felonies, and was incarcerated as detailed in the predicate felony statement. (*Id.* at 11.) The court asked the petitioner whether he wished to challenge the constitutionality of the two prior convictions, and the petitioner responded "no." (*Id.* at 12.) Defense counsel also confirmed that she had reviewed the petitioner's criminal history statement and agreed the petitioner should be sentenced as a persistent violent felony offender, and that the tolling provision applied. (*Id.*)

On January 21, 2011, Justice Rienzi sentenced the petitioner, as promised, to concurrent indeterminate prison terms of twelve years to life on each of the two counts. (ECF 9, Ex. 2 at 2-4.) The petitioner never moved to withdraw his plea.

In November of 2011, the petitioner's appellate counsel filed an *Anders* brief in the Appellate Division, Second Department, requesting permission to withdraw as counsel and

[1] The petitioner then waived his right to appeal. (ECF 9, Ex. 1 at 5.)

representing that there were no non-frivolous issues presented on appeal. (ECF 9, Ex. 5; ECF 9, Ex. 7 at 1.) On December 1, 2011, the petitioner filed a *pro se* brief, in which he argued that the prosecutor violated CPL § 180.80, and committed misconduct during the Grand Jury proceeding. (ECF 9, Ex 5. at 4-8.) The petitioner also argued that his guilty plea was invalid because he pleaded guilty to a crime that was not charged in the indictment, and that the gun charge could not be "merged" with the robbery charge because the underlying conduct occurred on different days. (*Id.*) On December 12, 2012, the Appellate Division, Second Department unanimously affirmed the judgment of conviction and granted appellant counsel's motion for leave to withdraw as counsel. (ECF 9, Ex. 7 at 1.)

The petitioner sought leave to appeal to the Court of Appeals on December 24, 2012. (ECF 9, Ex. 8 at 1.) In his motion for leave to appeal, the petitioner argued that his plea was jurisdictionally defective because he was not initially indicted on the lesser included offenses to which he pleaded guilty. (*Id.* at 2-3.) The petitioner also argued that his trial lawyer was ineffective for failing to request a "consolidation motion" and failing to challenge the petitioner's status as a persistent violent felony offender. (*Id.*) Finally, the petitioner argued that he was improperly adjudicated a persistent violent felony offender by a court clerk instead of a judge. (*Id.*) On March 27, 2013, the Court of Appeals denied leave to appeal. (ECF 9, Ex. 9 at 1.)

On September 12, 2013, the petitioner filed a motion to vacate the judgment and set aside the sentence pursuant to CPL §§ 440.10 and 440.20. (ECF 9, Ex. 10 at 1.) The petitioner argued that his guilty plea to attempted second degree robbery was invalid because it was not a lesser included offense of first degree robbery. (*Id.* at 1-2.) The petitioner also challenged his guilty plea to criminal possession of a weapon in the second degree, claiming that it is not a valid offense under New York law. (*Id.* at 2.) In addition, the petitioner attacked his sentence as a

persistent violent felony offender. He alleged that the judge did not conduct a formal hearing on his status as a persistent offender, and that his two prior felony convictions were unconstitutional. (*Id.* at 2.) The petitioner further claimed that his trial lawyer was ineffective because she did not advise him that there would be a persistent violent felony offender hearing, did not investigate his prior criminal history, and did not object to the court's determination that he was a persistent violent felony offender. (*Id.* at 14-15.)

In a written decision, Judge Rienzi denied the petitioner's motion to vacate the judgment. (ECF 9, Ex. 13 at 1.) The court held that there was "no requirement that [the petitioner] have been 'adjudicated' a prior violent felony offender on any prior occasion;" it was "undisputed" that the petitioner had two violent felony convictions. (*Id.* at 2.) The court also held that the petitioner's two prior sentences did not "merge" as a matter of law, and that the petitioner was properly convicted of Attempted Robbery in the Second Degree, because the plea hearing minutes "clearly reflect that [he] pled guilty under count three of the indictment," Robbery in the Second Degree. (*Id.* at 2.) Finally, because the petitioner was provided with the predicate felony statement, admitted to its accuracy, and declined to challenge the constitutionality of either prior felony conviction, the court found that the petitioner "failed to demonstrate any violation of proper procedure." (*Id.* at 2-3.)

On February 15, 2014, the petitioner moved for leave to appeal Judge Rienzi's decision. (ECF 9, Ex. 14 at 1.) On April 7, 2014, the Appellate Division, Second Department denied the petitioner's leave to appeal the § 440 decision. (ECF 9, Ex. 16 at 1.)

On July 23, 2014, the petitioner filed this action seeking a writ of habeas corpus. (ECF 1.)

**DISCUSSION**

In his petition, the petitioner renews the claims he made in state court—that the indictment was jurisdictionally defective because he was not indicted in accordance with CPL § 180.80, that he was improperly sentenced as a persistent violent felony offender, and that his lawyer was ineffective. The petitioner's claims are procedurally barred, and in any event, are meritless.

**1. Legal Standard**

A state prisoner's federal habeas petition should be dismissed if he has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts "defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Coleman*, 501 U.S. at 731 (internal quotations omitted).

The Second Circuit has established a two-prong inquiry to determine whether a petitioner has exhausted his state remedies: (1) the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal court, and (2) the petitioner must have utilized all available means to secure appellate review of the denial of

that claim. *Lloyd v. Walker*, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir.1979)).

An unexhausted claim is procedurally barred if the claim could have been raised on direct appeal, but the petitioner failed to do so. N.Y. Crim. Proc. Law § 440.10(2)(c). According to § 440.10(2)(c), a motion to vacate a judgment must be denied if "no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal." *Id.* Thus, an unexhausted claim that a defendant failed to raise on appeal "should be deemed exhausted, because [it is] now procedurally barred from presentation to that court." *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir. 1991). This provision is meant to prevent CPL § 440.10 from "being employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal . . . but failed to do so." *People v. Cooks*, 67 N.Y.2d 100, 103 (1986). "[W]hen a petitioner fails to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," federal courts must also deem the claim procedurally defaulted. *Coleman*, 501 U.S. at 735 n. 1.

In the case of a "procedural default (including where an unexhausted claim no longer can proceed in state court), [the court] may reach the merits of the claim only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *St. Helen v. Senkowsi*, 374 F.3d 181, 184 (2d Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

**2. Invalid Indictment**

The petitioner alleges that the indictment should have been dismissed because he was not indicted within the time frame set out in CPL § 180.80. CPL § 180.80 provides in pertinent part

that a defendant held in custody for "more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon" must be released by the local criminal court. The plaintiff argues that the indictment should have been dismissed because he was arrested on August 11, 2010, but not indicted until August 19, 2010. (ECF 9, Ex. 1 at 5; ECF 9, Ex. 5 at 4.) This claim is procedurally barred, not cognizable on habeas review, and has no merit.

First, there is no evidence that the petitioner raised this claim at the appropriate time or in the appropriate court. CPL § 180.80 provides that a defendant, who is *in custody*, can file an application with the local criminal court challenging the timeliness of his indictment and seeking release. Had the petitioner complied with the statute—and there is no evidence that he did—he would have been entitled to release, not to dismissal of the charges.

Moreover, although the petitioner raised the § 180.80 claim on direct appeal, he did not present the claim to the Court of Appeals, and therefore, did not present his claim to "the state's highest court." *Jordan v. Lefevre*, 206 F.3d 196, 198 (2d Cir. 2000) (citing *Grey v. Hoke*, 933 F.2d 117 (2d Cir.1991)). The petitioner cannot now raise the claim in a subsequent motion to vacate the judgment, because a § 440.10 motion to vacate a judgment must be denied if the "ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment." N.Y. Crim. Proc. Law § 440.10(2)(a). Moreover, the petitioner did not offer any reason for his failure to exhaust the claim. When a petitioner "makes no attempt to demonstrate cause or prejudice for his default in state habeas proceedings, his claim is not cognizable in a federal suit for the writ." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Additionally, the grand jury claim is not cognizable on habeas review because it is based entirely on New York statutory law. Federal habeas corpus relief is not a vehicle for federal courts to "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Instead, habeas review is limited to "deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* In this case, there is no federal constitutional right to be indicted in a state court within the timeframe set out in CPL § 180.80. A violation of CPL § 180.80 raises "a question of state statutory procedure only and implicates no federal constitutional rights." *Dennis v. Corcoran*, No. 07-CV-6229, 2010 WL 5072124, at *9 (W.D.N.Y. Dec 7, 2010) (holding that a CPL § 180.80 claim is not cognizable on habeas review).

Even if the claim was properly before this Court, the petitioner could not succeed. Although a defendant who is not indicted within the time frame set out in CPL § 180.80 may be entitled to release, "such omission does not preclude a grand jury from considering the People's evidence and rendering an indictment accordingly." *People v. Fagan*, 862 N.Y.S.2d 629, 630 (N.Y. App. Div. 2008); *Alston v. Giambruno*, No. 06-cv-6339, 2009 WL 5171860, at *5 (W.D.N.Y. Dec. 21, 2009) ("The only remedy a criminal defendant is entitled to under § 180.80 is immediate release, not dismissal of charges."). Thus, even if there was a CPL § 180.80 violation, it does not invalidate the petitioner's conviction or sentence, and does not entitle him to habeas relief. *See Phelan v. Sheahan*, No. 11-cv-00416, 2013 WL 149476, at *10 (N.D.N.Y. Jan. 14, 2013) ("[The petitioner] has cited no New York case that has held that a failure to release a criminal defendant in violation of CPL 180.80 entitled him or her to have a conviction vacated. Independent research by this Court not only has not uncovered any such supporting authority, but that the reverse is true.").

### 3. Persistent Violent Felony Offender Status

According to Penal Law § 70.08, a persistent violent felony offender is a defendant "who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions." N.Y. Penal Law § 70.08 (McKinney). Once a court finds that a defendant is a persistent violent felony offender, "the court must impose" certain sentences defined in the chapter. *Id.* For class D violent felonies, to which the petitioner pleaded guilty, "[t]he minimum period of imprisonment under an indeterminate life sentence . . . must be at least twelve years and must not exceed twenty-five years." *Id.*

The petitioner argues that his concurrent sentences of 12 years to life as a persistent violent felony offender—the minimum permissible sentences—were improper because (1) he was never "adjudicated" a persistent violent felony offender by a judge, (2) he was denied a hearing, and (3) he did not meet the definition of a persistent violent felony offender because his two predicate convictions merged as a matter of law. While these claims are exhausted,[2] I find that they are without merit.

"[T]he plain language of the persistent violent felony offender statute, [] requires only that a defendant convicted of a violent felony offense have been previously subjected to two or more predicate violent felony convictions, as opposed to a requirement that he be previously adjudicated or sentenced as a second violent felony offender." *Zayas v. Ercole*, No. 08-cv-1037, 2009 WL 6338395, at *15 (E.D.N.Y. Nov. 9, 2009), *report and recommendation adopted in part*, No. 08-cv-1037, 2010 WL 1438113 (E.D.N.Y. Apr. 8, 2010); *see also People v. Steward,*

[2] The state argues that these claims are partially exhausted because the petitioner did not previously raise all of his objections to his sentence as a persistent violent felony offender. Construing the *pro se* petitioner's prior appeals and habeas petition liberally, as I am required to do, I find that the claims are fully exhausted. *See Matias v. Artuz*, 8 F. App'x 9, 11 (2d Cir. 2001); *see e.g., Adamson v. Griffin*, No. 16-CV-0511, 2016 WL 6780011, at *6 (S.D.N.Y. Nov. 16, 2016) (holding that a *pro se* petitioner's claims were exhausted when viewed under a "less exacting reading.").

964 N.E.2d 388, 390 (N.Y. Ct. App. 2012) ("defendants with convictions for violent felony offenses need not be previously adjudicated as such before being rendered ineligible for resentencing."). Thus, even if the petitioner was not previously "adjudicated" as a violent felony offender, it does not entitle him to habeas relief.

Nor was there a need for an additional hearing on the petitioner's persistent violent felony offender status. According to CPL § 400.15, which sets forth the procedure for determining whether a defendant is a persistent violent felony offender,[3] a hearing is not required "where uncontroverted allegations in the statement are sufficient to support a finding that the defendant has been subject to a predicate violent felony conviction." N.Y. Crim. Proc. Law § 400.15 (McKinney). In this case, both the petitioner and his lawyer confirmed that the petitioner was convicted of two prior violent felonies, that the predicate felony statement was accurate, and that the petitioner was not challenging the constitutionality of his prior violent felony convictions. (ECF 9, Ex. 1 at 11). Therefore, a hearing was not necessary because the petitioner admitted that he previously had been convicted of two violent felonies, and was not challenging his status. *See People v. Shomo*, 757 N.Y.S.2d 272, 273 (2003) ("The court properly adjudicated defendant a persistent violent felony offender without conducting an evidentiary hearing.")

Last, the petitioner claims that his conviction as a persistent violent felony offender is unconstitutional because his sentences on his two prior felonies "merged." The petitioner was convicted of robbery in the first degree in 1990, and sentenced to a term of five to ten years. (ECF 13, Ex. 1 at 4.) Five years later, in 1995, the petitioner was convicted of assault in the second degree—for a prison assault unrelated to the 1990 robbery—and was sentenced to an indeterminate prison term of three and a half to seven years, to run consecutive to the first

[3] Pursuant to CPL § 400.16, the requirements set forth in CPL § 400.15—for determining whether a defendant is a second violent felony offender—also apply to determining whether a defendant is a persistent violent felony offender. N.Y. Crim. Proc. Law § 400.16 (McKinney).

sentence for which he was still incarcerated. (ECF 13, Ex. 1 at 12.) The petitioner seems to argue that because the two sentences ran consecutively to each other, they merged into one sentence, and thus, did not satisfy the two predicate felony requirement of the persistent violent felony offender statute. In fact, the two convictions—separated by five years—were distinct convictions with distinct sentences. *See Knight v. Walsh*, 524 F. Supp. 2d 255, 293 (W.D.N.Y. 2007) ("[T]here is no basis for finding that the consecutive sentences imposed with regard to the separate convictions violated federal due process requirements."). Accordingly, the petitioner was properly sentenced as a persistent violent felony offender.

**4. Ineffective Assistance of Counsel**

The petitioner alleges that his trial lawyer was ineffective because she did not raise the CPL § 180.80 objection, and because she did not tell him that he was going to be sentenced as a persistent violent felony offender. The petitioner did not raise the § 180.80 ineffectiveness claim in any state forum. Although the petitioner argued on direct appeal that his lawyer was ineffective for failing to tell him that he was going to be adjudicated a persistent violent felony offender, he did not make that claim in his application for leave to appeal to the Court of Appeals. Thus, both claims are unexhausted. Where, as here, the petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). Additionally, because the petitioner did not give any reason for failing to exhaust his claims in state court, and did not argue that he is actually innocent, his complaints about his lawyer are procedurally barred. *See Gray*, 518 U.S. at 162.

Even if the petitioner had exhausted his claims in state court, or established cause and prejudice, the ineffective assistance of counsel claims fail on the merits. To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The petitioner cannot satisfy either prong.

First, assuming a violation existed, there is no merit to the petitioner's claim that he was prejudiced by his trial lawyer's failure to object to the CPL § 180.80 violation. As discussed above, "[t]he only remedy a criminal defendant is entitled to under § 180.80 is immediate release, not dismissal of charges." Therefore, "any failure to seek relief under this section would not have affected the outcome of the proceedings," and would not have prejudiced the petitioner. *Alston*, 2009 WL 5171860, at *5.

Second, the petitioner's claim that his trial lawyer was ineffective because she did not inform him that he would be sentenced as a persistent violent felony offender is belied by the record which makes it clear that Judge Rienzi informed the petitioner, before he pleaded guilty, that he would be sentenced as a persistent violent felony offender. The petitioner acknowledged that he understood and that he wanted to plead guilty, and that he was "100% satisfied" with his lawyer's representation. Moreover, the petitioner was sentenced to the minimum term allowed by law for a person with his criminal history, and therefore, suffered no prejudice. *See United States v. Hernandez*, No. 06-cr-46, 2009 WL 691269, at *2 (S.D.N.Y. Mar. 9, 2009) (the defendant was not "in any way prejudiced, since he received the minimum sentence legally available.").

## CONCLUSION

The petition for writ of habeas corpus is denied in its entirety. The case is dismissed. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
July 20, 2017